J-S27001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUVELLE HARLEY | : | |
| | : | |
| Appellant | : | No. 1988 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 18, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0007429-2022

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 22, 2025**

Appellant, Juvelle Harley, seeks review of the judgment of sentence entered by the Court of Common Pleas of Philadelphia County (trial court). In 2023, Appellant was found guilty after a non-jury trial of unlawful restraint, simple assault, and reckless endangerment. All three offenses were committed against Appellant's ex-wife, Rockiea Harley (the victim). The trial court sentenced Appellant to an aggregate term of three to six months of incarceration, followed by five years of probation. On appeal, Appellant argues that the judgment of sentence must be vacated because the evidence of his guilt was legally insufficient, the verdict was against the weight of the evidence, and the sentence was excessive. Finding no merit in any of these claims, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

Our review of the record reveals that the case facts were detailed by the victim in several pre-trial statements which she later recanted or claimed not to remember. According to the victim's initial account, the underlying incident took place on the morning of May 7, 2022. She and Appellant had met in Philadelphia and socialized at a bar, where they drank alcohol and talked about their two children late into the night. The victim asked Appellant to drive her to her sister's home, and Appellant agreed. But instead of doing so, he took them to a remote wooded area.

When they arrived, Appellant repeatedly punched the victim in the head and then forcibly removed her from the vehicle. As the victim lay on the ground, Appellant kicked and punched her, rendering her unconscious. He then drove away.

The victim managed to reach a nearby gas station, where she was treated by an emergency medical technician (EMT) at about 2:00 a.m. She was then moved to a trauma center, and she received further treatment for numerous injuries, including a facial contusion, lip lacerations, shoulder abrasions, and a broken blood vessel in the frontal lobe of her brain.

On May 19, 2022, police detectives met with the victim for an interview. The detectives memorialized the victim's responses to their questions in a written statement in which she averred that Appellant had assaulted her on May 7, 2022. This statement was signed by the victim, and each page was initialed. The victim corroborated the written statement with photographs and medical records of her extensive injuries.

Later, the victim testified at Appellant's hearing before the Pennsylvania Parole Board on July 29, 2022. Appellant had been serving parole since 2004 as part of his sentence for a third-degree murder conviction. The victim was questioned at the parole hearing about whether Appellant had assaulted her on May 7, 2022. The victim testified that she had been truthful to police on May 19, 2022, when she alleged in her signed written statements that Appellant had assaulted her.

For a third time, at Appellant's preliminary hearing in the present case held on October 18, 2022, the victim again identified Appellant as the person who had assaulted her earlier that year.

The victim thereafter refused to make any further statements that would incriminate Appellant. At Appellant's non-jury trial held on June 29, 2023, the victim testified that she did not recall ever identifying Appellant as the perpetrator of an assault against her on May 7, 2022. *See generally id*., at 13-28.

She testified at trial that on the date of the subject incident, she had been drinking alcohol and taking several prescribed medications, including Xanax, Gabapentin, and Suboxone. *See id*., at 29. Further, the victim testified that she suffered from occasional memory lapses, and that the only reason she had appeared at the non-jury trial was that she did not want to return about $12,000, which had been paid to her by the District Attorney's Office. *See id*., at 28.

The victim offered no explanation for her injuries, or the fact that she had previously attributed them to an assault perpetrated by Appellant. She also stated that she had taken her prescribed medications earlier in the day, prior to trial. *See id*., at 30.

To prove Appellant's guilt, the Commonwealth introduced into evidence the victim's signed statement from May 19, 2022, the transcripts of the notes of testimony from Appellant's preliminary hearing, and the victim's medical records which documented her injuries. The Commonwealth also corroborated the victim's pre-trial statements against Appellant by presenting the testimony of the officer who interviewed her on May 19, 2022 (Detective George Williams ), as well as the EMT who treated her (Matthew Jarszewski).

The detective testified in line with the victim's written statement that she had identified Appellant as the person who had inflicted the injuries she had sustained on the date in question. *See id*., at 43-45. The victim also had relayed to the detective that she had lost consciousness at some point and could not remember how she had gotten to the hospital. *See id*., at 45.

The EMT testified that the victim told him on the night of the incident that she had fled her house after being attacked. According to the EMT, the victim appeared to be intoxicated, and she did not report having lost consciousness that night. *See id*., at 53.

At the conclusion of the trial, Appellant was found guilty of unlawful restraint (18 Pa.C.S.A. § 2902(a)(1)); simple assault (18 Pa.C.S.A. § 2701(a)(1)); and REAP (18 Pa.C.S.A. § 2705). He was acquitted on the

charge of aggravated assault (18 Pa.C.S.A. § 2702(a)(1)).  The trial court sentenced Appellant as outlined above, having done so with the benefit of a presentence investigation report (PSI report).

On September 27, 2023, Appellant filed a post-sentence motion, asserting only that the verdict was against the weight of the evidence.  ***See*** Post-Sentence Motion, 9/27, 2023, at para. 4. The motion was denied by operation of law.  ***See*** Trial Court Order, 1/29/2024.  A timely appeal was not filed on Appellant's behalf.

On May 20, 2024, Appellant sought post-conviction relief, requesting the trial court to reinstate his appellate rights, thereby allowing him to file a notice of appeal, *nunc pro tunc*.  The trial court granted such relief on June 28, 2024.[1]  A notice of appeal was filed on July 25, 2024.

Additionally, on July 7, 2024, Appellant filed a second post-sentence motion in which he asserted that the evidence of his guilt was legally insufficient because the victim's testimony was not credible.  On that same ground, Appellant reiterated the claim that the verdict was against the weight of the evidence.  In a third claim, Appellant argued that the trial court had abused its discretion by imposing a sentence "that was not based upon the gravity of the violation, the extent of [Appellant's] record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as

---

[1] This relief was granted in accordance with the Post Conviction Relief Act (42 Pa.C.S.A. §§ 9541-9546).

- 5 -

noted in 42 Pa.C.S. [§] 9721 of the Sentencing Code." Post-Sentence Motion, 7/7/2024, at para. 8.

The trial court denied Appellant's second post-sentence motion, explaining that his "post sentence motion rights were not reinstated as part of the . . . relief granted on June 27, 2024." Trial Court Order, 7/22/2024.

Appellant then submitted a 1925(b) statement of issues complained of on appeal, raising three grounds:

1. The evidence presented at trial was insufficient to sustain a Conviction as a matter of law. The complainant, Rockeia Harley, acknowledged that she was under the influence of narcotics at the time of the alleged incident, as well as during her testimony. Her admitted intoxication at the time of the alleged incident rendered her incapable of remembering the events or details alleged by the Commonwealth. Further, her intoxication at the time of her testimony severely undermines her reliability as a witness, destroys her credibility, and definitively created reasonable doubt.

2. The verdict was against the weight of the evidence. In addition to the overwhelming lack of credible testimony from the [victim] based on her intoxication at the time of the alleged incident and during her [trial] testimony, the Commonwealth offered no physical evidence to corroborate the inconsistent testimony. As the fact-finder, the trial [court's] decision to give credence to the complainant, without additional corroboration, shocks the conscience and must be vacated.

3. The trial court abused its discretion by entering a manifestly excessive sentence that was not based upon the gravity of the violation, the extent of [A]ppellant's record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in 42 Pa.C.S. [§] 9721 of the Sentencing Code.

Appellant's 1925(b) Statement, at 1-2.

The trial court filed a Pa.R.A.P. 1925(a) opinion giving its reasons why the judgment of sentence should be upheld. As to Appellant's sufficiency claim, the trial court found the issue to be entirely waived because Appellant had not identified any specific elements of any specific crimes which were being challenged. **See** Trial Court 1925(a) Opinion, 11/19/2024, at 3. The trial court added that the sufficiency claim had not been properly raised because Appellant's only contention – regarding the victim's lack of credibility – goes to the weight of the evidence rather than to its legal sufficiency. **See id**., at 4.

As to the merits of Appellant's weight of the evidence claim, the trial court reasoned that the victim's pre-trial identifications of Appellant were credible despite her purported intoxication and inconsistencies in her account. The trial court referred to the ample evidence of the victim's injuries, as well as her repeated statements describing how Appellant assaulted her. **See id**., at 4-5.

In his brief, Appellant now raises the following three issues for our consideration:

1. Whether the evidence presented at trial was sufficient to establish each and every element of the crimes for which [A]ppellant was convicted.

2. Whether the verdict was against the weight of the evidence.

3. Whether the sentencing court abused its discretion by imposing a manifestly excessive sentence that was not based upon the gravity of the violation, the extent of [A]ppellant's record, his prospect of rehabilitation, nor an assessment of the

mitigating and aggravating factors as noted in [42 Pa.C.S.A. § 9721] of the Sentencing Code.

Appellant's Brief, at 8.

Appellant's first claim is generally that the evidence of his guilt is legally insufficient.

A challenge to the sufficiency of the evidence requires this Court to "determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense." **Commonwealth v. Moreno**, 14 A.3d 133, 136 (Pa. Super. 2011). "[T]o sustain a conviction, the facts and circumstances which the Commonwealth must prove, must be such that every essential element of the crime is established beyond a reasonable doubt." **Id**. All doubts regarding guilt must be resolved by the finder of fact "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Id**. "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of the witness's testimony." **Commonwealth v. Lee**, 956 A.2d 1024, 1029 (Pa. Super. 2008) (citation omitted).

To preserve a sufficiency challenge, an appellant's 1925(b) statement "must state with specificity the elements or verdicts for which the appellant alleges that the evidence was insufficient[.]" **Commonwealth v. Cox**, 231 A.3d 1011, 1016 (Pa. Super. 2020). This requirement is especially important

where an appellant "was convicted of multiple crimes, each of which contains elements that the Commonwealth must prove beyond a reasonable doubt." *Id*.

In the present case, Appellant failed to preserve the sufficiency claims in his brief because, as noted by the trial court, he did not specify in his 1925(b) statement any of the elements or offenses he was challenging. **See** Trial Court 1925(a) Opinion, 11/19/2024, at 3. Moreover, much of Appellant's argument is predicated on the supposed lack of credibility in the victim's pre-trial statements. Such matters go to weight, not legal sufficiency. The credibility of a witness is a determination for the finder of fact – here, the trial court – who was free to believe all, part, or none of the testimony presented at trial. **See Lee**, 956 A.2d at 1029. The trial court was therefore permitted to determine that the victim was telling the truth in her pre-trial statements when she identified Appellant as the person who assaulted her. Thus, no relief is warranted as to Appellant's sufficiency claims.[2]

_____

[2] In the argument section of his brief ostensibly raising his sufficiency claims, Appellant makes several other contentions for the first time. He argues, for example, that the trial court could not rely on medical records and photographic evidence of the victim's injuries because the evidence was not authenticated, and that his acquittal on the aggravated assault count precluded conviction on the count of unlawful restraint. **See** Appellant's Brief, at 15-17. These issues are waived, as they have been raised for the first time on appeal and have not been preserved for appellate review. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Appellant's second claim is that the verdict was against the weight of the evidence.

A claim alleging that the verdict is against the weight of the evidence "is addressed to the discretion of the trial court." **Commonwealth v. Clay**, 64 A.3d 1049, 1054–55 (Pa. 2013). A post-sentence motion must be granted at the trial level if the defendant has shown that the evidence is "so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court." **Commonwealth v. Sullivan**, 820 A.2d 795, 806 (Pa. Super. 2003). Relief is not due on this ground merely because there is conflicting evidence, or a different judge faced with the same facts would have arrived at a different conclusion. **See Commonwealth v. Widmer**, 744 A.2d 745, 752 (Pa. 2000).

Appellate review is limited to determining whether the trial court abused its discretion in denying defendant's post-sentence motion, and not whether the verdict was in fact against the weight of the evidence. **See Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003); **see also Commonwealth v. Williams**, 854 A.2d 440, 445 (Pa. 2004) (explaining that the credibility of witnesses and the weight of evidence are determinations only for the fact-finder).

Here, Appellant's weight of the evidence claim is predicated entirely on the victim's lack of credibility. Appellant points to the fact that the victim appeared to be intoxicated on the night of the subject incident, as well as the

victim's recantations at trial. He argues further that the victim had given conflicting accounts as to whether she was rendered unconscious by Appellant, and whether Appellant abandoned her in a wooded area. *See* Appellant's Brief, at 18-19.

The record in no way suggests that the trial court abused its discretion in assessing the credibility of witnesses, assigning weight to the evidence, and ultimately determining that Appellant was guilty of the subject offenses. The trial court was able to observe the testimony of the victim, the EMT who treated the victim's injuries, and the detective who interviewed the victim about how those injuries were sustained. The trial court also viewed photographic evidence and medical records of the victim's significant injuries.

Any inconsistencies in the evidence were for the trial court to resolve. The trial court was therefore free to believe the victim's pre-trial statements implicating Appellant, and to disbelieve her dubious claims at trial that she could "not remember" identifying Appellant as her attacker. *See Commonwealth v. Jacoby*, 170 A.3d 1065, 1081 (Pa. 2017) ("[I]nconsistencies in eyewitness testimony are not sufficient to warrant a new trial on grounds that the verdict was against the weight of the evidence."). Similarly, the trial court was permitted to weigh the import of the victim's alleged intoxication and the discrepancies between the versions of her account given to the EMT and police detective. Thus, we find that the trial court did

not abuse its discretion in denying the weight of evidence claim in Appellant's post-sentence motion.

Appellant's third and final claim is that the trial court erred by imposing a manifestly excessive sentence. More specifically, he contends that the trial court failed to consider "the gravity of the violation[s], the extent of [A]ppellant's record, his prospect of rehabilitation, [and] an assessment of the mitigating and aggravating factors as noted in [42 Pa.C.S.A. § 9721] of the Sentencing Code." Appellant's Brief, at 8.

We find that this claim is waived. Appellant timely filed a post-sentence motion on September 27, 2023, asserting only that the verdict was against the weight of the evidence. He did not raise an excessive sentence claim until after the trial court granted him *nunc pro tunc* relief, reinstating his appellate rights.

To preserve a claim in a post-sentence motion, it must be timely filed within 10 days after the sentence was imposed. **See** Pa.R.Crim.P. 720(A)(1). "An untimely post-sentence motion does not preserve issues for appeal." **Commonwealth v. Wrecks**, 931 A.2d 717, 719 (Pa. Super. 2007); **see also See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (same).

The reinstatement of appellate rights does not entitle a defendant to subsequently raise additional claims beyond the period for filing a post-sentence motion. **See Commonwealth v. Wright**, 846 A.2d 730, 734 (Pa.

Super. 2004) (holding trial court erred in addressing defendant's post-sentence motion *nunc pro tunc* where reinstatement of the right to file a post-sentence motion was not requested or expressly granted by the trial court); *see also Commonwealth v. Dreves*, 839 A.2d 1122, 1128-29 (Pa. Super. 2003) (*en banc*) (explaining that a request for *nunc pro tunc* relief to file a direct appeal is distinct from the right to file an untimely post-sentence motion). Additionally, an excessive sentence claim implicates a discretionary aspect of the sentence, and such issues must be preserved by way of a timely post-sentence motion. *See* Pa.C.S.A. § 9781(b); *see Cartrette*, 83 A.3d at 1042.

The excessive sentence claim Appellant now asserts was not preserved for merits consideration on appeal because it was untimely raised in his second post-sentence motion filed on July 7, 2024. This was well beyond the filing deadline for the motion, which was 10 days after the sentence was imposed, on September 18, 2023. The trial court's reinstatement of Appellant's right to file a notice of appeal did not excuse the untimeliness of the second post-sentence motion.

Even if Appellant had preserved this sentencing claim, we would find it to be meritless. Excessive sentence claims implicate the discretionary aspects of a sentence. *See Commonwealth v. Bankes*, 286 A.3d 1302, 1307 (Pa. Super. 2022). "[A] sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Id*. "[W]hen imposing sentence, the trial court is

granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." ***Commonwealth v. Mulkin***, 228 A.3d 913, 917 (Pa. Super. 2020). To prevail on an excessive sentence claim, an appellant "must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Bankes***, 286 A.3d at 1307 (citation omitted).

A trial court has presumably considered all appropriate sentencing factors and adequately given the reasons for the sentence on the record where the trial court has the benefit of a PSI report. ***See Commonwealth v. Snyder***, 289 A.3d 1121, 1126 (Pa. Super. 2023); ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010); ***see also Commonwealth v. Banniger***, 303 A.3d 1085, 1098 (Pa. Super. 2023) (rejecting defendant's challenge to discretionary aspects of sentence where record reflected the trial court considered the circumstances of the crime, the PSI report, arguments of counsel, and sentence was within statutory guidelines). An appellate court may only disturb a standard-range sentence within the statutory guidelines if the circumstances rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2).

In this case, the record shows that, at sentencing, the trial court considered a PSI report, and the testimony of several of Appellant's family

members. The trial court then imposed a sentence of three to six months of incarceration, followed by five years of probation. Notably, the trial court rejected the statutory guidelines recommendation that Appellant receive a prison term of 12 to 18 months.

On these facts, Appellant's below-guidelines sentence was neither excessive nor unreasonable. *See Commonwealth v. Raven*, 97 A.3d 1244, 1254-55 (Pa. Super. 2014) (defendant's sentences were neither unreasonable nor excessive where "record reflects that the [sentencing] court carefully considered all of the evidence presented at the sentencing hearing."). Thus, even if properly preserved for purposes of appellate review, Appellant's excessive sentence claim would not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/22/2025